WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alan Snyder,<br><br>        Plaintiff,<br><br>v.<br><br>Nancy A. Berryhill, Acting Commissioner of Social Security Administration,<br><br>        Defendant. | No. CV 15-00516-TUC-BPV<br><br>**ORDER** |

Pending before the Court is Plaintiff's Application for Award of Attorney's Fees and Costs under 42 U.S.C. §406(b) of the Social Security Act with accompanying exhibits. (Doc. 18). Defendant has filed a Response in opposition (Doc. 19). For the following reasons, the Court grants Plaintiff's Motion in part.

**I.    Discussion**

Plaintiff filed this action in November 2015, seeking review of the denial of his application for benefits under the Social Security Act for disability and supplemental security income. (Doc. 5). Thereafter, the parties stipulated to remand the matter to the Administrative Law Judge for further proceedings, and the Court remanded the matter pursuant to the stipulation. (Docs. 15, 16). Upon remand, Plaintiff was granted disability benefits.

Plaintiff now seeks attorney's fees in the amount of $12,155.85 pursuant to 42 U.S.C. § 406(b). The record reflects that the Court has not previously awarded attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).

Plaintiff's counsel, Amy Foster, states that "considering the risks and benefits, the reasonable hourly billing rate for an attorney with 14 years of legal experience who handles cases on a contingency basis is in excess of $500.00 per hour. This rate has been found reasonable by District Courts throughout the Country." (Doc. 18-1 at ¶5). Ms. Foster also indicates that Plaintiff entered a 25% contingency fee agreement. (Doc. 18-1 at ¶9; *see also* Doc. 18-3).

Defendant objects to the amount of fees sought given that Ms. Foster spent only three hours litigating the case in federal court. (Doc. 19). Defendant points out that "[f]or 3 hours of work before the district court, a fee of $12,155.85 would amount to an hourly rate of $4,051.95, in a case where the parties were able to reach a stipulated settlement agreement for remand without the need for Plaintiff's attorney to draft an opening brief." (*Id.* at 4). Defendant contends that an award of more than $2,250.00, i.e., $750.00 per hour, would constitute an improper windfall under § 406(b). Plaintiff did not file a Reply and, thus, has not objected to the government's position.

Section 406 sets forth "the exclusive regime for obtaining fees for successful representation of Social Security benefits claimants." *Gisbrecht v. Barnhart,* 535 U.S. 789, 795-96 (2002). Section 406(b), "controls fees for representation . . ." before the court. *Id.* at 794. Pursuant to § 40b(b), "[w]henever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]" 42 U.S.C. § 406(b)(1)(A).

The record reflects that Plaintiff entered into a contingent-fee agreement wherein he agreed to pay attorney's fees not to exceed 25%. (Doc. 18-3). The Supreme Court, when discussing the term "reasonable fee" as used in § 406(b), concluded that "§ 406(b)

does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht,* 535 U.S. at 807 (footnote omitted). The Court also pointed out that "Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits." *Id.* (citing 42 U.S.C. § 406(b)(1)(A)) (footnote omitted). In assessing reasonableness of the fee sought, district courts should consider the results achieved and may properly apply a reduction if the attorney provided substandard representation or engaged in dilatory conduct in order to increase the accrued amount of past-due benefits, or if the benefits are out of proportion to the time spent on the case, thereby resulting in a windfall to counsel. *Crawford v. Astrue,* 586 F.3d 1142, 1148, 1151 (9th Cir. 2009) (citing *Gisbrecht*, 535 U.S. at 808) *see also Gisbrecht,* 535 U.S. at 808. (the court should "disallow windfalls for lawyers" (internal quotation marks and citation omitted)). In making its assessment, the district court may consider the lodestar calculation as an aid, if necessary. *Crawford,* 586 F.3d at 1148. The attorney bears the burden of establishing that the fee sought is reasonable. *Id.* (citing *Gisbrecht,* 535 U.S. at 807).

In applying *Gisbrecht,* the Ninth Circuit has emphasized that district courts "must respect 'the primacy of lawful attorney-client fee agreements, . . . looking first to the contingent-fee agreement, then testing it for reasonableness.'" *Crawford,* 586 F.3d at 1148 (quoting *Gisbrecht,* 535 U.S. at 793, 808). Here, the fee agreement between Plaintiff and counsel provided for a 25% contingency fee consistent with *Gisbrecht.* The parties do not dispute that the $12,155.85 sought by Plaintiff's counsel constitutes 25% of the past-due amount awarded to Plaintiff.

With regard to the reasonableness of the fees sought, Defendant correctly points out that counsel can only receive fees for "the attorney's work before a federal court on behalf of the Social Security claimant in connection with the action that resulted in past-

due benefits." *Parrish v. Commissioner of Social Sec. Admin.,* 698 F.3d 1215, 1220 (9th Cir. 2012); *cf. Clark v. Astrue,* 529 F.3d 1211, 1215 (9th Cir. 2008) ("the plain text of § 406(b) limits only the award of attorney's fees for representation of a Social Security claimant before the district court . . . ."). Plaintiff's counsel has submitted a time record indicating that she seeks compensation for time spent on the case during the administrative proceeding after this Court remanded the matter. (Doc. 18-2). Counsel's time spent on the matter in administrative proceedings subsequent to the remand order does not fall within the ambit of § 406(b). *Cf. Parrish,* 698 F.3d at 1220-21. The time record reflects that Plaintiff's counsel spent 3.0 hours working on the case before this Court. (18-2 (entries from October 2, 2015 through March 16, 2016)).

On the instant record, there is no indication of any substandard performance by Plaintiff's counsel or that she engaged in any unreasonable delay. Instead, counsel achieved a favorable result for Plaintiff and should be compensated to recognize the risks attendant to contingent fee litigation. Although Plaintiff's counsel states that a fee in excess of $500.00 per hour is reasonable, she provides no support for the conclusion that over $4,000 per hour is a reasonable amount in this case. Plaintiff's counsel has the burden to establish the reasonableness of the fees sought. *Gisbrecht,* 535 U.S. at 807.

The government has asserted that an hourly rate of $750.00 in this case is reasonable, and Plaintiff has not objected. The amount suggested by the government is more than double the $250.00 rate that attorneys practicing disability law in the District of Arizona are awarded "per hour on Court Long Term Disability claims." (Doc. 18-1 at ¶7). "In cases of this type, the Ninth Circuit sitting *en banc* has approved effective hourly rates of $519, $875, and $902 without finding that they are unreasonable." *Young v. Colvin,* 2014 WL 590335, *1 (D. Ariz. Feb. 14, 2014) (citing *Crawford,* 586 F.3d at 1153). Thus, upon consideration of the *Gisbrecht* reasonableness factors, in addition to the risk involved in the contingency fee arrangement in this case, the Court concludes that a fee award of $2,250.00 is reasonable in this case. Any greater award would result

in an improper windfall to Plaintiff's counsel contrary to *Gisbrecht.*

**II.     Conclusion**

For the foregoing reasons,

IT IS ORDERED that Plaintiff's Application for Award of Attorney's Fees and Costs under 42 U.S.C. § 406(b) of the Social Security Act is GRANTED IN PART to the extent that Plaintiff's counsel is AWARDED $2,250.00 in attorney's fees pursuant to 42 U.S.C. § 406(b).

IT IS FURTHER ORDERED that Plaintiff's Motion is DENIED to the extent that he seeks an award of fees in excess of $2,250.00.

The Clerk of Court is DIRECTED to amend the judgment in this matter accordingly.

Dated this 14th day of February, 2018.

_____
Bernardo P. Velasco
United States Magistrate Judge